IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHAD IDOL, individually and on behalf of the classes defined herein, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 08 C 2819 |
| UNIFUND CCR PARTNERS; CREDIT CARD RECEIVABLES FUND, INC., and ZB LIMITED PARTNERSHIP, | ) ) ) ) ) ) | Judge Gottschall<br><br>Magistrate Judge Cox |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO STRIKE
PARAGRAPHS 1 – 7 FROM PLAINTIFF'S COMPLAINT**

Defendants, Unifund CCR Partners (hereinafter referred to as "Unifund"), Credit Card Receivables Fund, Inc. and ZB Limited Partnership, by and through their counsel, Joseph P. Kincaid and Kathleen A. Kelley, respectfully move to strike Paragraphs 1 through 7 from Plaintiff's Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. In support of this Motion, Defendants state as follows:

Rule 12(f) of the Federal Rules of Civil Procedure permits a party before responding to a Complaint to move to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice." Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 664 (7th Cir. 1992) (citations omitted). The district court has "considerable discretion" in deciding whether or not to strike an allegation from a complaint. Khalid Bin Talal Bin Abdul Azaiz Al Seoud v. E.F. Hutton & Co., Inc., 720 F. Supp. 671, 686 (N.D. Ill. 1989); see also, e.g., Id. at 665. See also Heller Fin., Inc. v.

Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989) (where a motion to strike "remove[s] unnecessary clutter from the case, [it] serve[s] to expedite, not delay").

Paragraphs 1 through 7 of Plaintiff's Complaint consist of lengthy "allegations" against different debt buyers and collection agencies; **notably, none of these paragraphs purport to involve Unifund CCR Partners or any of the other named defendants**. As such, Paragraphs 1 through 7 constitute an effort on the part of Plaintiff to unfairly disparage Unifund CCR Partners and the other defendants in this case. These allegations are "scandalous" under Rule 12(f) as they bear no possible relation to Plaintiff's claims against Unifund and will cause Unifund CCR Partners and the other defendants prejudice. Consequently, they should be stricken from Plaintiff's Complaint. Geschke v. Air Force Ass'n, 2002 WL 31253746 at *2 (N.D. Ill. 2002) (striking "immaterial and irrelevant" allegations from the complaint, holding that "the fact that [a certain type of] insurance has been banned or severely restricted *in a number of states* is immaterial and irrelevant to the instant claim" that Defendants committed insurance fraud in Illinois).

Notably – in another FDCPA action in which Daniel A. Edelman served as Plaintiff's counsel – District Judge Grady struck portions of the complaint for very similar reasons. Porter v. Fairbanks Capital Corp., 2003 WL 21210115 (N.D. Ill. May 21, 2003). The Plaintiff alleged that the defendant Fairbanks Capital Corp., a mortgage servicer, violated the FDCPA. Id. at *1. As an exhibit to the complaint, Plaintiff attached "various complaints internet users have posted on internet sites regarding the practices of mortgage servicers, including Fairbanks." Id. at *7. Defendant Fairbanks moved to strike that exhibit. Id. In granting the Defendant's Motion to Strike and ordering that that exhibit be stricken from the complaint, District Judge Grady observed as follows:

> **A great portion of the material [contained in the exhibit] does not even concern Fairbank's servicing practices, but the practices of other companies. . . . The material appears to have been attached to the complaint solely for the purpose of prejudicing defendant.** [This] Exhibit . . . therefore will be stricken from the complaint.

Id.

District Judge Grady's observations and analysis apply equally to the facts here, as none of the allegations in Paragraphs 1 through 7 pertain to or discuss Unifund CCR Partners or the other defendants, but rather only refer to <u>other</u> debt buyers and collection agencies. There is no legitimate purpose to the inclusion of Paragraphs 1 through 7 as part of Plaintiff's Complaint other than to unfairly prejudice Unifund and the other defendants in this action.

Consequently, for the foregoing reasons, Defendants respectfully request that the Court strike Paragraphs 1 through 7 from the Plaintiff's Complaint.

        Respectfully submitted,

        SWANSON, MARTIN & BELL LLP


        /s/ Kathleen A. Kelley
        One of the Attorneys for Unifund CCR Partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership

Joseph P. Kincaid – ARDC 6202639
Kathleen A. Kelley – ARDC 6288296
SWANSON, MARTIN & BELL LLP
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60611
Telephone – 312/321-9100
Facsimile – 312/321-0990