**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHAD IDOL, individually and on behalf of the classes defined herein, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 08 C 2819 |
| UNIFUND CCR PARTNERS; CREDIT CARD RECEIVABLES FUND, INC., and ZB LIMITED PARTNERSHIP, | ) ) ) ) ) | Judge Gottschall Magistrate Judge Cox |
| Defendants. | ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendants, Unifund CCR Partners (hereinafter referred to as "Unifund"), Credit Card Receivables Fund, Inc. and ZB Limited Partnership, by and through their counsel, Joseph P. Kincaid and Kathleen A. Kelley, in response to Plaintiff's Complaint, state as follows:

**INTRODUCTION**

**[Defendants have moved to strike the Allegations in Paragraphs 1 through 7 of the Complaint, and therefore make no answer to any allegations contained in those paragraphs. See Defendants' Motion to Strike Paragraphs 1 through 7 of the Complaint. If an answer is required, Defendants deny each and every allegation contained in Paragraphs 1 through 7.]**

8.    In order to protect Illinois residents against this sort of abuse, the Illinois Collection Agency Act ("ICAA") was amended effective January 1, 2008 to define debt buyers as "collection agencies." This makes applicable the special assignment requirements in ICAA §8b, 225 ILCS 425/8b. Illinois courts had held prior to the amendment that a party that was required to but did not have such an assignment does not have a valid claim and that the defendant in such a case is entitled to judgment. Business Service Bureau, Inc. v. Webster, 298

Ill. App. 3d 257, 698 N.E.2d 702 (4th Dist. 1998).

> **ANSWER:**  Defendants admit that the Illinois Collection Agency Act ("ICAA") was amended effective January 1, 2008, by various amendments.  Defendants deny that they are deemed "collection agencies" under the ICAA. Defendants deny any and all remaining allegations contained in Paragraph 8.

9.      Section 8b of the ICAA provides: . . . .

> **ANSWER:**  Defendants admit that Paragraph 9 purports to cite certain provisions of §8b of the ICAA, but denies that such provisions are applicable because Defendants deny that any violation of the ICAA or the FDCPA occurred and deny that there is a private right of action under the ICAA.

10.      Furthermore, the assignment must be attached to the complaint.  <u>Candice Co. v. Ricketts</u>, 281 Ill. App. 3d 359, 362, 666 N.E.2d 722 (1st Dist. 1996).

> **ANSWER:**  Defendants admit that Paragraph 10 purports to cite to an Illinois appellate case, but deny that such citations is applicable here and deny that any violation of the ICAA or the FDCPA occurred and deny that there is a private right of action under the ICAA.

11.      Finally, the assignee is required "in his or her pleading on oath allege that he or she is the actual bona fide owner thereof, and set forth how and when he or she acquired title. . . ."  735 ILCS 5/2-403(a).

> **ANSWER:**  Defendants deny that paragraph 11 fully and accurately sets forth or states the cited provisions of Section 2-403 of the Illinois Code of Civil Procedure.  Defendants further deny that they violated the FDCPA or the ICAA, that they are liable to Plaintiff and that Plaintiff is entitled to any relief whatsoever under the FDCPA or ICAA.

12.      Defendant Unifund CCR Partners, a debt buyer regulated by the ICAA since January 1, 2008, systematically files collection lawsuits without compliance with the ICAA §8b and, therefore, without valid claims.

> **ANSWER:**  Defendants deny the allegations contained in paragraph 12.

13.    In this action, plaintiff complains that such practice violates both the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e and 1692f, and ICAA § 9.

> **ANSWER:**    Defendants admit that Plaintiff purports to claim that "such practice" violates the FDCPA and the ICAA.  Defendants deny that any Defendant, including Unifund, engaged in any unlawful credit and collection practices.  Defendants deny that they are liable to Plaintiff and that Plaintiff is entitled to any relief whatsoever.  Defendants deny any remaining allegations that Defendants do not specifically admit.

## VENUE AND JURISDICTION

14.    This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1367.  The Court also has jurisdiction under 28 U.S.C. § 1332(d), in that the parties are of diverse citizenship and the classwide recovery exceeds $5 million.

> **ANSWER:**    Defendants admit that jurisdiction in this District is proper under 15 U.S.C. § 1692k (FDCPA).  Defendants deny that jurisdiction under 28 U.S.C. § 1332(d) is proper, and deny that the purported classwide recovery exceeds $5 million; Defendants deny that Plaintiff and the purported class are entitled to any relief whatsoever.  Defendants deny any remaining allegations that Defendants do not specifically admit.

15.    Venue and personal jurisdiction over defendants in this District is proper because (a) Defendant's collection communications and activities impacted plaintiff within this District; (b) Defendant does business within this District.

> **ANSWER:**    Defendants admit that venue and personal jurisdiction in this District for this matter are proper.  Defendants deny that the collection complaints constitute a "communication" under the FDCPA.  Defendants deny any remaining allegations that Defendants do not specifically admit.

## PARTIES

16.    Plaintiff Chad Idol is an individual who resides in the Northern District of Illinois. He is a domiciliary and citizen of Illinois.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to Plaintiff Chad Idol's residence at the time of this Answer and therefore Defendants deny the allegations contained in paragraph 16 of the complaint.

17.    Defendant Unifund CCR Partners ("Unifund") is a general partnership which is engaged in the business of purchasing charged-off debts allegedly owed by consumers and attempting to collect them from the consumers.

**ANSWER:**    Defendants admit that Unifund is a general partnership.  Defendants admit that, as a part of Unifund's business activities, Unifund purchases and manages distressed consumer receivables and attempts to recover those amounts legitimately owed by certain debtors.  Defendants deny that Plaintiff fully or accurately characterizes the nature of Unifund's business in paragraph 17 of the complaint.  Defendants deny any remaining allegations that Defendants do not specifically admit.

18.    Unifund CCR Partners operates from an address of 10625 Techwoods Circle, Cincinnati, Ohio 45242.

**ANSWER:**    Defendants admit that Unifund's principal place of business is located at 10625 Techwoods Circle, Cincinnati, Ohio 45242.

19.    Unifund CCR Partners pays an average of less than ten cents on the dollar for the debts it purchases.

**ANSWER:**    In addition to such price being confidential and proprietary, Defendants state that Unifund purchases its debts in batches and pays a certain price (different for each batch) for the entire batch and, at the time of purchase, there is no way to determine or calculate the amount paid for each debt purchased.  Therefore, Defendants deny the allegations contained in paragraph 19 of the complaint.

20.    More than 50% of the debts purchased by Unifund CCR Partners are credit card debts.

**ANSWER:**    In addition to such information being confidential and proprietary, Defendants state that the type of debts that Unifund purchases vary from purchase to purchase; therefore, Defendants deny the allegations contained in paragraph 20 of the complaint.

21.     Unifund CCR Partners states on its Web site, www.unifund.com, that "Unifund is one of the country's leading purchasers, sellers and managers of under-performing and distressed consumer receivables.  Unifund offers sellers an opportunity to unlock the value of their dormant delinquent receivables. . . ."  The same Web site also states, "In 1989, Unifund began buying distressed loan portfolios on a national scale from small banks and retailers.  One year later, the company began purchasing portfolios from large financial institutions.  Today, the company is one of the largest buyers and resellers of consumer debt in the nation."

> **ANSWER:**     Defendants deny that paragraph 21 fully and accurately sets forth or states the information that is on Unifund CCR Partners' Web site.  Defendants further state that Unifund CCR Partners' Web site, www.unifund.com, speaks for itself and deny each and every remaining allegation contained in Paragraph 21.

22.     According to an interview of Unifund's principal executive officer in the Cincinnati Enquirer, Nov. 23, 2004, Unifund pays four to ten cents on the dollar for debts and recovers an average of 20 cents on the dollar.

> **ANSWER:**     Defendants admit that on November 23, 2003, the Cincinnati Enquirer published an interview of Unifund's CEO and that, in that article, it states that Unifund's CEO made that statement.  Defendants deny any remaining allegations that Defendants do not specifically admit.

23.     Unifund CCR Partners owns approximately $12 billion in charged-off debts, according to an interview of its principal executive officer in the Cincinnati Business Courier of September 3, 2007.  Dan Monk, "Consumer debt?  He loves it; Unifund thrives by taking on others' unpaid bills, to tune of $12 billion."

> **ANSWER:**     In addition to such information being confidential and proprietary, Defendants state that the amount that Unifund owns in charged-off debts varies day-to-day with its inventory; therefore, Defendants deny the allegations contained in paragraph 23 of the complaint.

24.     Because of the purported obligations were originally owed to other entities and were charged off prior to purchase, Unifund CCR Partners is a "debt collector" as defined in the FDCPA, 15 U.S.C. § 1692a(6).

>   **ANSWER:**     For purposes of this matter only, Defendants admit that Unifund is a "debt collector" as defined by the FDCPA.  Defendants deny any remaining allegations that Defendants do not specifically admit.

25.     Defendant Unifund CCR Partners is also a "collection agency" as defined in the ICAA, and in fact holds a license under the ICAA.

>   **ANSWER:**     Defendants deny that Unifund holds a license "under the ICAA"; rather, Unifund is licensed through the Illinois Division of Professional Regulation.  Defendants deny that Unifund is a "collection agency" as defined in the ICAA as a legal conclusion.  Defendants deny any remaining allegations that Defendants do not specifically admit.

26.     On information and belief, defendant Unifund CCR Partners has two partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership.

>   **ANSWER:**     Defendants admit the allegations of paragraph 26.

27.     Defendant Credit Card Receivables Fund, Inc. is a corporation chartered under the laws of the State of Ohio and a general partner of Unifund.  It operates from an address of 10635 Techwoods Circle, Cincinnati, Ohio 45242.  As general partner, all acts of Unifund are chargeable to it.

>   **ANSWER:**     Defendants admit the allegations contained in paragraph 27 of the complaint except to state that its address is 10625, not 10635, Techwoods Circle, but deny the allegations about "chargeable" as legal conclusions.

28.     Defendant ZB Limited Partnership is a limited partnership entity chartered under the laws of the State of Delaware and is a general partner of Unifund.  Its address for service of process is The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808.  As general partner, all acts of Unifund are chargeable to it.

**ANSWER:**  Defendants admit that ZB Limited Partnership is a limited partnership entity chartered under the law of Delaware and a general partner of Unifund.  Answering further, Defendants state that ZB Limited Partnership operates from an address of 988 Fifth Avenue, 9th floor, New York, New York.  Defendants deny the allegations about "chargeable" as legal conclusions.

29.    Unifund CCR Partners regularly files lawsuits to attempt to collect the debts.

**ANSWER:**  Defendants state that Unifund places certain accounts with counsel and that counsel may file suit for collection as appropriate.  Defendants deny any remaining allegations that Defendants do not specifically admit.

30.    Unifund CCR Partners filed more than 1,000 lawsuits in the Circuit Court of Cook County alone between January 1, 2008 and April 26, 2008.  Other lawsuits were filed in other Illinois counties.

**ANSWER:**  At this time, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the complaint.  Answering further, Defendants cannot truthfully admit or deny the allegations contained in paragraph 30 because discovery and investigation into this issue are currently still pending and, therefore, Defendants are currently without knowledge of the same.

**FACTS RELATING TO PLAINTIFF**

31.    On or about February 7, 2008, Unifund CCR Partners filed suit against plaintiff Chad Idol in the Circuit Court of Cook County to collect a purported debt incurred for personal, family or household purposes.  Unifund CCR Partners claimed to have purchased the debt.

**ANSWER:**  Defendants admit that a collection lawsuit was filed, on behalf of Unifund, in Cook County against Chad Idol to collect a credit card debt.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations that the debt was "incurred for personal, family or household purposes," and therefore Defendants deny those allegations.  Defendants further state that the Collection Complaint, attached as Exhibit A to Plaintiff's complaint, speaks for itself and, therefore, denies each and every remaining allegation contained in Paragraph 31.

32.     The complaint did not attach any sort of assignment.

**ANSWER:**     Defendants further state that the Collection Complaint, attached as <u>Exhibit A</u> to Plaintiff's complaint, speaks for itself and, therefore, denies each and every remaining allegation contained in Paragraph 32

33.     A copy of the complaint and all attachments is in <u>Exhibit A.</u>

**ANSWER:**     Defendants admit that a complete copy of the collection complaint is attached to Plaintiff's complaint as <u>Exhibit A.</u>

34.     On information and belief, defendant did not have an assignment that complied with §8b of the Collection Agency Act.

**ANSWER:**     Defendants deny the allegations contained in paragraph 34.

35.     Defendant therefore did not have any sort of valid claim and knew or should have known that it did not have a valid claim.

**ANSWER:**     Defendants deny the allegations contained in paragraph 35.

36.     Prior to Feb. 7, 2008, the provisions of ICAA §8b had been specifically called to the attention of Unifund CCR Partners, in <u>Unifund CCR Partners v. Cox</u>, 2008 AR 000022 (DuPage Co. Cir. Ct.).

**ANSWER:**     Defendants admit that on January 23, 2008, Plaintiff's counsel filed a §2-619 Motion to Dismiss in the state collection action, <u>Unifund CCR Partners v. Cox</u>, 2008 AR 000022 (DuPage Co. Cir. Ct.), in which Plaintiff's counsel alleged that Unifund failed to comply with the ICAA. Defendants deny any remaining allegations that Defendants do not specifically admit.

37.     Unifund CCR Partners deliberately chose to not comply with ICAA §8b.

**ANSWER:**     Defendants deny the allegations contained in paragraph 37 of the complaint.

38.    The first page of <u>Exhibit A</u> represents that "Plaintiff acquired by purchase assignment from the original credit issuer or its successor the account of Defendant(s), and is now the bona fide holder of this claim." Because of the absence of an assignment that complied with the ICAA, this statement is false.

> **<u>ANSWER:</u>**    Defendants admit that the first page of the subject Collection Complaint stated, in part, that "Plaintiff [Unifund CCR Partners Assignee of Palisades Acquisition XVI, LLC] acquired by purchase assignment from the original credit issuer or its successor the account of Defendant(s), and is now the bona fide holder of this claim." Defendants deny that this statement is false. Defendants deny any remaining allegations that they do not specifically admit.

39.    The second page of <u>Exhibit A</u> represents that "Said agreement and account was sold or transferred or assigned and set unto, UNIFUND CCR PARTNERS, with full power and authority to do and perform all acts necessary for the collection, settlement, adjustment, compromise or satisfaction of the said claim. . . . Affiant acknowledges that in making this Affidavit UNIFUND CCR PARTNERS (current holder or assignee) has complete authority to settle, adjust, compromise and satisfy the same." Because of the absence of an assignment that complied with the ICAA, this statement was false.

> **<u>ANSWER:</u>**    Defendants admit that the second page of the subject Collection Complaint stated, in part, that "Said agreement and account was sold or transferred or assigned and set unto, UNIFUND CCR PARTNERS, with full power and authority to do and perform all acts necessary for the collection, settlement, adjustment, compromise or satisfaction of the said claim. . . . Affiant acknowledges that in making this Affidavit UNIFUND CCR PARTNERS (current holder or assignee) has complete authority to settle, adjust, compromise and satisfy the same." Defendants deny that this statement is false. Defendants deny any remaining allegations that they do not specifically admit.

40.    These two pages of <u>Exhibit A</u> are standard form documents filed by Unifund in all or most collection actions filed in Illinois during 2008.

**ANSWER:** The term "form document" is vague and/or ambiguous and Plaintiff does not provide a definition for such term and, thus, Defendants cannot reasonably be required to frame an answer to this statement. Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 and therefore Defendants deny those allegations. Without waiving, withdrawing, or contradicting their denial of the allegations in paragraph 40, Defendants state that the first two pages of documents in the Collection Complaint (Appendix A of the Plaintiff's complaint) vary from debtor to debtor, but that certain elements included in those documents are the same as to each debtor.

## FACTS - GENERAL

41. Defendant Unifund CCR Partners regularly files lawsuits on debts is claims to have purchased without having an assignment that complies with §8b of the Collection Agency Act, and therefore, without a valid claim.

**ANSWER:** Defendants deny each and every allegation contained in paragraph 41 of the complaint.

42. Defendant knows or should know it has no valid claim, but files suit anyway because consumers are unlikely to realize the fact.

**ANSWER:** Defendants deny each and every allegation contained in paragraph 42 of the complaint.

43. Defendant Unifund CCR Partners regularly represents that it is authorized to file suit on such debts, notwithstanding the absence of any assignment.

**ANSWER:** Defendants deny each and every allegation contained in paragraph 43 of the complaint.

44. On information and belief, based on a computer search of court records, defendant has filed over 1,000 such lawsuits.

**ANSWER:** Defendants deny the allegations contained in paragraph 44 of the complaint.

## CLASS ALLEGATIONS

45.    Plaintiff brings this action on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).  The class consists of (a) all individuals (b) against whom defendant Unifund CCR Partners filed a collection lawsuit (c) in Illinois (d) subsequent to January 1, 2008 (e) without attaching to the complaint an assignment that complied with §8b of the ICAA.

**ANSWER:**    Defendants admit Plaintiff has filed this claim on behalf of an alleged class.  Defendants deny that any class exists or that any class should be certified and accordingly deny the allegations contained in paragraph 45.  Furthermore, Defendants are without knowledge of the identity, claims and any other information about any of the alleged class members and therefore must deny the allegations stated in paragraph 45.

46.    The class is so numerous that joinder is impracticable.

**ANSWER:**    Defendants deny that any class exists or that any class should be certified and accordingly deny the allegations contained in paragraph 46.  Furthermore, Defendants are without knowledge of the identity, claims and any other information about any of the alleged class members and therefore must deny the allegations stated in paragraph 46.

47.    On information and belief, there are at least 40 [sic] individuals against whom defendant Unifund CCR Partners filed a collection lawsuit in Illinois subsequent to January 1, 2008, without attaching to the complaint an assignment that complied with §8b of the ICAA.

**ANSWER:**    Defendants deny the allegations contained in paragraph 47 of the complaint.  Furthermore, Defendants deny that any class exists or that any class should be certified and accordingly deny the allegations contained in paragraph 47.

48.    There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.  The predominant common questions are:

a.    Whether defendant engages in a practice of filing lawsuits without attaching to the complaint an assignment that complied with §8b of the ICAA.

b.    Whether such lawsuits are therefore subject to a defense in which defendant

knows or should know about.

    c.   Whether defendant affirmatively misrepresents its entitlement to file suit and ownership of the alleged debts.

    d.   Whether such practice is [sic] unfair or deceptive.

    e.   Whether defendant violates the ICAA.

    **ANSWER:**    Defendants deny the allegations contained in paragraph 48 of the complaint, including subparagraphs (a) through (e). Furthermore, Defendants deny that any class exists or that any class should be certified and accordingly deny the allegations contained in paragraph 48, including subparagraphs (a) through (e).

    49.   Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

    **ANSWER:**    Defendants deny the allegations contained in paragraph 49 of the complaint. Furthermore, Defendants deny that any class exists or that any class should be certified and accordingly deny the allegations contained in paragraph 49.

    50.   Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

    **ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 50 of the complaint and therefore Defendants deny those allegations. Answering further, Defendants deny that any class exists or that any class should be certified and accordingly deny the allegations contained in paragraph 50. Furthermore, Defendants are without knowledge of the identity, claims and any other information about any of the alleged class members and therefore must deny the allegations stated in paragraph 50.

    51.   A class action is superior for the fair and efficient adjudication of this matter in that (a) Individual actions are not economically feasible; (b) Members of the class are likely unaware of their rights; (c) Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**ANSWER:**    Defendants deny that any class exists or that any class should be certified and accordingly deny the allegations contained in paragraph 51. Furthermore, Defendants are without knowledge of the identity, claims and any other information about any of the alleged class members and therefore must deny the allegations stated in paragraph 51, including subparagraphs (a) through (c).

## COUNT I – FAIR DEBT COLLECITON PRACTICES ACT

52.      Plaintiff incorporates paragraphs 1-51.

**ANSWER:**    Defendants restate and reallege their answers and explanations provided in paragraphs 1 through 51, above.

53.      The filing and prosecution of collection lawsuits notwithstanding a known defense, in the hope that the consumer will not raise the defense, is both a deceptive collection practice, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10), and an unfair collection practice, in violation of 15 U.S.C. § 1692f.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 53.

54.      Since <u>Kimber v. Federal Financial Corp.</u>, 668 F. Supp. 1480, 1488 (M.D. Ala. 1987), "bringing a lawsuit to which there appears to exist a complete defense" in the hope that the consumer will not realize it exists and will default or pay has been a violation of the FDCPA.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 54.

55.      In addition, the statements in <u>Exhibit A</u> that "Plaintiff acquired by purchase assignment from the original credit issuer or its successor the account of Defendant(s), and is now the bona fide holder of this claim, that "Said agreement and account was sold or transferred or assigned and set unto, UNIFUND CCR PARTNERS, with full power and authority to do and perform all acts necessary for the collection, settlement, adjustment, compromise or satisfaction of the said claim" and that "Affiant acknowledges that in making this Affidavit UNIFUND CCR

PARTNERS (current holder or assignee) has complete authority to settle, adjust, compromise and satisfy the same" are false.

>**ANSWER:**    Defendants deny the allegations contained in Paragraph 55.

56.    Section 1692e provides: . . . .

>**ANSWER:**    Defendants admit that Paragraph 56 purports to cite certain provisions of §
>1692e of the FDCPA, but deny that such provisions are applicable because
>Defendants deny any violation of the Act occurred and further deny that
>an alleged violation of the Illinois Collection Agency Act or any other
>state procedural rule can constitute a violation of the FDCPA.

57.    Section 1692f provides: . . . .

>**ANSWER:**    Defendants admit that Paragraph 57 purports to cite certain provisions of §
>1692f of the FDCPA, but deny that such provisions are applicable because
>Defendants deny any violation of the Act occurred and further deny that
>an alleged violation of the Illinois Collection Agency Act or any other
>state procedural rule can constitute a violation of the FDCPA.

WHEREFORE, Defendants, Unifund CCR Partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership, demand judgment against Plaintiff and in favor of Defendants as to the Complaint in its entirety.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

58.    Plaintiff incorporates paragraphs 1-51.

>**ANSWER:**    Defendants restate and reallege their answers and explanations provided in
>paragraphs 1 through 51, above.

59.    Defendant Unifund CCR Partners is a "collection agency" as defined in the ICAA.

>**ANSWER:**    Defendants deny the allegations contained in paragraph 59 as a legal
>conclusion.

60.     Section 425/3(d), as amended effective Jan. 1, 2008, brings debt buyers within its purview by providing that "A person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it . . . Buys accounts, bills or other indebtedness and engages in collecting the same."  Previously coverage was limited to a person who "Buys accounts, bills or other indebtedness with recourse and engages in collecting the same."  By deleting "with recourse," the legislature intended to classify as a "collection agency" persons such as the defendant who buy charged-off debts for their own account.

> **ANSWER:**     Defendants deny the allegations contained in paragraph 60, and further deny the above allegations as legal conclusions.

61.     Defendant Unifund CCR Partners violated 225 ILCS 425/8b by filing suit without an assignment in the form specified therein.

> **ANSWER:**     Defendants deny the allegations contained in paragraph 61.

62.     Defendant violated the following provisions of 225 ILCS 425/9: . . . (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . . .

> **ANSWER:**     Defendants deny the allegations contained in paragraph 62.

63.     A private right of action exists for violation of the ICAA.  Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

> **ANSWER:**     Defendants deny the allegations contained in paragraph 63.

64.     Plaintiff and the members of the class were damaged as a result.

> **ANSWER:**     Defendants deny the allegations contained in paragraph 64, and demand strict proof thereof.  Defendants further deny that any class exists or that any class should be certified and accordingly deny the allegations contained in paragraph 64.

WHEREFORE, Defendants, Unifund CCR Partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership, demand judgment against Plaintiff and in favor of Defendants as to the Complaint in its entirety.

## COUNT III – ILLINOIS CONSUMER FRAUD ACT

65.    Plaintiff incorporates paragraphs 1-51.

**ANSWER:**    Defendants restate and reallege their answers and explanations provided in paragraphs 1 through 51, above.

66.    Defendant Unifund CCR Partners' conduct as set forth above constitutes both unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2.

**ANSWER:**    Defendants deny the allegations contained in paragraph 66.

67.    Defendant Unifund CCR Partners engaged in such conduct in the course of trade and commerce.

**ANSWER:**    Defendants deny the allegations contained in paragraph 67.

68.    Defendant Unifund CCR Partners engaged in such conduct for the purpose of obtaining money from plaintiff and others.

**ANSWER:**    Defendants deny the allegations contained in paragraph 68.

69.    Plaintiff and the members of the class were damaged as a result.

**ANSWER:**    Defendants deny the allegations contained in paragraph 69, and demand strict proof thereof.  Defendants further deny that any class exists or that any class should be certified and accordingly deny the allegations contained in paragraph 69.

WHEREFORE, Defendants, Unifund CCR Partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership, demand judgment against Plaintiff and in favor of Defendants as to the Complaint in its entirety.

## <u>AFFIRMATIVE DEFENSES</u>

Without prejudice to its denials or other statements in its pleadings, Defendants, Unifund CCR Partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership, by and through their counsel, Joseph P. Kincaid and Kathleen A. Kelley, state for their affirmative defenses to Plaintiff's Complaint:

## <u>FIRST AFFIRMATIVE DEFENSE</u>

For their first affirmative defense, Defendants state that Plaintiff fails to state a cause of action for a violation of the FDCPA, 15 U.S.C. § 1692 *et seq.*

WHEREFORE, Defendants, Unifund CCR Partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership, pray that judgment be entered in their favor and against the Plaintiff, with costs.

## <u>SECOND AFFIRMATIVE DEFENSE</u>

For their second affirmative defense, Defendants state that neither the Plaintiff nor any alleged class member have suffered any actual damages as a result of the alleged acts and/or omissions of any of the Defendants.

WHEREFORE, Defendants, Unifund CCR Partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership, pray that judgment be entered in their favor and against the Plaintiff, with costs.

## <u>THIRD AFFIRMATIVE DEFENSE</u>

For their third affirmative defense, Defendants state that Plaintiff failed to state a claim upon which relief may be granted under the FDCPA because Defendants did not commit any act or omission constituting an actual violation of the FDCPA in filing the collection complaint. <u>Beler v. Blatt, Hasenmiller, Leibsker, & Moore, LLC</u>, 480 F.3d 470 (7th Cir. 2007).

WHEREFORE, Defendants, Unifund CCR Partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership, pray that judgment be entered in their favor and against the Plaintiff, with costs.

### FOURTH AFFIRMATIVE DEFENSE

For their fourth affirmative defense, Defendants state that the collection complaint at issue was not "false, deceptive, or misleading within the meaning of the FDCPA." Alternatively, Defendants state that the alleged violations in no way exemplify the abusive behavior or false or misleading practices Congress had in mind in enacting the FDCPA. Also in the alternative, Defendants state that any alleged violation would not cause even an "unsophisticated consumer" to be confused or misled.

WHEREFORE, Defendants, Unifund CCR Partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership, pray that judgment be entered in their favor and against the Plaintiff, with costs.

### FIFTH AFFIRMATIVE DEFENSE

For their fifth affirmative defense, Defendants state that pursuant to 15 U.S.C. § 1692k(c), "[a] debt collector may not be held liable in any action brought under [the FDCPA] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error." On information and belief, if any FDCPA violation is found, that said violation was not intentional, resulted from a bona fide error, and that Defendant(s) maintained procedures reasonably adapted to avoid such an error.

WHEREFORE, Defendants, Unifund CCR Partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership, pray that judgment be entered in their favor and against the Plaintiff, with costs.

## SIXTH AFFIRMATIVE DEFENSE

For their sixth affirmative defense, Defendants state that Plaintiff fails to state a cause of action for a violation of the ICAA, 225 ILCS 425/et seq.

WHEREFORE, Defendants, Unifund CCR Partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership, pray that judgment be entered in their favor and against the Plaintiff, with costs.

## SEVENTH AFFIRMATIVE DEFENSE

For their seventh affirmative defense, Defendants state that there is no private right of action under the Illinois Collection Agency Act ("ICAA"), 225 ILCS 425/et seq.

WHEREFORE, Defendants, Unifund CCR Partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership, pray that judgment be entered in their favor and against the Plaintiff, with costs.

## EIGHTH AFFIRMATIVE DEFENSE

For their eighth affirmative defense, Defendants state that Plaintiff fails to state a cause of action for a violation of the Illinois Consumer Fraud Act, 815 ILCS 505/et seq.

WHEREFORE, Defendants, Unifund CCR Partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership, pray that judgment be entered in their favor and against the Plaintiff, with costs.

## NINTH AFFIRMATIVE DEFENSE

For their ninth affirmative defense, Defendants state that Plaintiff's alleged claims, and/or those of the purported class members, are subject to set-off and/or recoupment of any and all sums due and owing by Plaintiff and/or the purported members of the class.

WHEREFORE, Defendants, Unifund CCR Partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership, pray that judgment be entered in their favor and against the Plaintiff, with costs.

Respectfully submitted,

SWANSON, MARTIN & BELL LLP

 /s/   Kathleen A. Kelley
One of the Attorneys for Unifund CCR Partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership

Joseph P. Kincaid – ARDC 6202639
Kathleen A. Kelley – ARDC 6288296
SWANSON, MARTIN & BELL LLP
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois  60611
Telephone – 312/321-9100
Facsimile – 312/321-0990