IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHAD IDOL, individually and on behalf of the classes defined herein, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 08 C 2819 |
| UNIFUND CCR PARTNERS; CREDIT CARD RECEIVABLES FUND, INC., and ZB LIMITED PARTNERSHIP, | ) ) ) ) ) | Judge Gottschall

Magistrate Judge Cox |
| Defendants. | ) | |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE
PARAGRAPHS 1 – 7 FROM PLAINTIFF'S COMPLAINT**

Defendants, Unifund CCR Partners (hereinafter referred to as "Unifund"), Credit Card Receivables Fund, Inc. and ZB Limited Partnership, by and through their counsel, Joseph P. Kincaid and Kathleen A. Kelley, respectfully submit this brief in further support for their motion to strike Paragraphs 1 through 7 from Plaintiff's Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, and state as follows:

First, Rule 12(f) gives the district court the discretion to strike from a pleading "any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). Thus, the "matter" to be stricken may be stricken for any one of those reasons.

Second, Plaintiff claims in his response that "[m]otions to strike are strongly disfavored and rarely granted" . . . "because they normally serve only to cause delay." (Pl. Response, p. 1). However, where "motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." Neumann v. Carlson Environmental, Inc., 429 F. Supp. 2d 946, 958 (N.D. Ill. 2006) (quoting Heller v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989)).

Third, the allegations contained in paragraph 1-7 are "immaterial" because <u>none of the allegations in those paragraphs include any discussion whatsoever about Unifund or the other defendants</u>. Rather, the allegations attempt to allege a broad – and prejudicial – picture of the "debt buying industry" as a whole. Because the paragraphs merely allege broad, purported practices of <u>other</u> debt collectors or debt buyers, they are completely immaterial and have utterly no relevance to the Plaintiff's cause of action against Unifund. Furthermore, these extremely lengthy paragraphs – again, discussing a purported list of alleged practices of <u>other</u> debt collector or debt buyers – consume over three pages of Plaintiff's complaint and, thus, are also redundant.

Finally, two of the cases cited in Defendants' Motion – both out of the Northern District – are clearly analogous to the facts and hand. <u>Porter v. Fairbanks Capital Corp.</u>, 01 C 9106; 2003 U.S. Dist. LEXIS 8636; 2003 WL 21210115 (N.D. Ill. May 21, 2003); <u>Geschke v. Air Force Ass'n</u>, 02 C 50271; 2002 WL 31253746 (N.D. Ill. Oct. 8, 2002). In both cases, the judge struck the contested matter as "immaterial" and "scandalous." The analyses and holdings from these cases apply equally here.

In his response, Plaintiff claims that "Defendants cite <u>Porter v. Fairbanks Capital Corp.</u>, in an attempt to mount a baseless attack on Plaintiff's counsel" and claim that that case "is irrelevant and has no bearing on the case presently before the court." (Pl. Response, p. 4). However, the facts in <u>Porter</u> are highly relevant to this analysis. Like here, in <u>Porter</u>, Plaintiff's counsel, Dan Edelman, filed an FDCPA complaint against that defendant which included statements and complaints about "<u>the practices of other companies</u>." <u>Id.</u> at *7. In that case, District Judge Grady struck those portions of the complaint, stating as follows:

> A great portion of the material does not even concern [that particular defendant's] servicing practices, but the practices of other companies. . . . The material appears to have been attached to the complaint solely for the purpose of prejudicing defendant.

2

Id. Just as with the contested portions of the complaint in Porter, here the allegations in Paragraphs 1-7 are allegations regarding "the [alleged] practices of other companies." None discuss Unifund or the other defendants. Despite no mention of Unifund or the other defendants, these paragraphs encompass the entire first three (3) pages of Plaintiff's complaint. Therefore, just as District Judge Grady found in Porter, Paragraphs 1-7 "appear[] to have been attached to the complaint solely for the purpose of prejudicing defendant." Id.

Similarly, in Geschke v. Air Force Ass'n, 02 C 50271; 2002 WL 31253746 (N.D. Ill. 2002, Magistrate Judge Mahoney also struck portions of a complaint which he found contained "immaterial" allegations. In that case, the plaintiff alleged that the defendant failed to pay certain medical benefits for the plaintiff's cancer treatment. Id. at *1. Paragraphs fifty-eight and fifty-nine contained the following allegations:

> 58.  The conduct set forth above is part of a pattern of dishonest conduct by [defendant] in the marketing and sale of cancer insurance and the processing of claims under such insurance, as set forth in Walson v. Monumental Life Ins. Co., 129 Idaho 211, 923 P.2d 456 (1996). The conduct condemned in that decision included paying a Masonic organization $100,000, essentially for the use of its name by Monumental in selling the insurance to its members.
>
> 59.  Cancer insurance has been banned or severely restricted in a number of states, on the ground that loss ratios (percentage of premium income paid as claims) are extremely low and unfair and deceptive practices are commonly used in selling its. See American Family Life Ins. Co. v. Teasdale, 733 F.2d 559 (8th Cir. 1984).

Id. at *2. After the defendant filed a Motion to Strike the above paragraphs pursuant to Rule 12(f), Magistrate Judge Mahoney struck the majority of those allegations. Regarding paragraph 58, the Judge ruled that "all information contained in the paragraph after the word 'insurance' is immaterial" and ordered the remainder of the paragraph stricken. Id. Regarding paragraph 59, the Judge struck the paragraph in its entirety, ruling that "[t]he fact that cancer insurance has

been banned or severely restricted in a number of states is immaterial and irrelevant to the instant claim." Id. Notably, just as with Plaintiff Idol's Paragraphs 1-7, the contested paragraphs in Geschke contain allegations that discuss the facts and holdings of case law from other states about other defendants, as well as the industry (in Geschke, the "cancer insurance" industry) as a whole. However, just as Magistrate Judge Mahoney found in Geschke, these types of allegations are "immaterial and irrelevant to the instant claim" and should be stricken. Id. at *2.

Consequently, for the foregoing reasons, Defendants respectfully request that the Court strike Paragraphs 1 through 7 from the Plaintiff's Complaint.

Respectfully submitted,

SWANSON, MARTIN & BELL, LLP

 /s/ _Kathleen A. Kelley_____
One of the Attorneys for Unifund CCR Partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership

Joseph P. Kincaid – ARDC 6202639
Kathleen A. Kelley – ARDC 6288296
SWANSON, MARTIN & BELL LLP
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois  60611
Telephone – 312/321-9100
Facsimile – 312/321-0990

4